IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMBER LOWITZ and JAMIE BYRNE<br><br>Plaintiffs,<br><br>vs.<br><br>ACCELERATED SERVICES, L.L.C., et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER COMPELLING DISCOVERY**<br><br>Case No: 2:04 CV 637 PGC<br><br>District Judge Paul G. Cassell<br><br><br>Magistrate Judge David Nuffer |

Defendants moved for sanctions[1] against Plaintiff Jamie Byrne for failure to respond to written discovery and failure to appear for his deposition. Though written discovery was submitted November 23, 2004, and even though counsel was reminded that answers were due by letters sent in February, March and May of 2005,[2] no answers have been given.[3] Notice of deposition was given on May 10, 2005, for a deposition to be taken June 7, 2005.[4] The transcript of the deposition[5] shows that Byrne did not appear, which Byrne's counsel concedes.[6]

---

[1] Defendants' Motion for Sanctions (Motion for Sanctions), docket no. 14. filed July 7, 2005.

[2] Certification of Counsel, attached as Exhibit B to Memorandum in Support of Defendants' Motion for Sanctions (Supporting Memorandum), docket no. 15, filed July 7, 2005.

[3] *Id.* and Memorandum in Opposition to Defendants' Motion for Sanctions (Opposing Memorandum) at 2, docket no. 18, filed July 15, 2005.

[4] Notice of Deposition, attached as Exhibit A to the transcript of the deposition, which is Exhibit A to the Supporting Memorandum, docket no. 15, filed July 7, 2005.

[5] Exhibit A to Supporting Memorandum.

[6] Opposing Memorandum at 2.

While Defendants originally sought the sanction of dismissal,[7] Defendants now seek an award of expenses related to the futile deposition and to this motion, and an order requiring Byrne to respond to written discovery within 60 days and submit to deposition within 90 days, with a warning that non-compliance may result in dismissal.[8]

There is no "substantial justification"[9] for Byrne's failure to respond to discovery or appear for deposition, in spite of the fact that settlement discussions have been on-going. The expenses of the deposition and motion were "caused by the failure"[10] of the Plaintiff Byrne to complete discovery. Therefore Defendants should recover "the reasonable expenses, including attorney's fees,"[11] incurred in making the motion and appearing for the deposition.

Also, an order compelling discovery should issue, warning Byrne that failure to comply may result in serious sanctions, including:

> (A) An order that certain allegations shall be taken to be established for the purposes of the action;
>
> (B) An order refusing to allow Byrne to support or oppose designated claims or defenses, or prohibiting Byrne from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against Byrne;

---

[7] Motion for Sanctions at 1.

[8] Reply Memorandum in Support of Defendants' Motion for Sanctions (Reply Memorandum), docket no. 19, filed July 22, 2005.

[9] Fed. R. Civ. P. 37 (d).

[10] *Id.*

[11] *Id.*

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating the failure to obey any orders as a contempt of court.[12]

## ORDER

IT IS HEREBY ORDERED that the motion for sanctions[13] is GRANTED.

IT IS FURTHER ORDERED that on or before August 12, 2005,[14] Defendants may submit proof of reasonable expenses, including attorney's fees, incurred by reason of Byrne's failure to answer the written discovery and appear at the deposition, and that on or before August 19, 2005, Plaintiff Byrne may submit any response. Thereafter the court will make an award.

IT IS FURTHER ORDERED that Byrne shall provide answers to written discovery on or before August 31, 2005, and shall appear for deposition on or before September 30, 2005, in Salt Lake City, Utah, at a time to be designated by Defendants.

---

[12] Fed. R. Civ. P. 37 (b)(2).

[13] Defendants' Motion for Sanctions (Motion for Sanctions), docket no. 14. filed July 7, 2005.

[14] These deadlines are shorter than those requested in the Reply Memorandum, but they are more consistent with the scheduling order in the case. *See* Scheduling Order, docket no. 11, filed December 15, 2004.

## WARNING

Plaintiff Jamie Byrne is warned that failure to comply with this order to answer and appear may treated as contempt by the court, and may result in the imposition of other sanctions, including dismissal of claims, with prejudice.[15]

August 3, 2005.

BY THE COURT:

_David Nuffer_
David Nuffer
U.S. Magistrate Judge

---

[15] Since Byrne has been warned of the consequences of disobedience of this Order and the discovery is integral to the case, dismissal would be a highly appropriate remedy. *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992).